**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ELIZABETH MCNEILL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 05-2727-STA** |
| | ) | |
| **THE TRAVELERS INSURANCE CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS**
_____

Before the Court are the Defendant's Renewed Motion to Dismiss (D.E. # 47) filed on

June 9, 2008, and the Defendant's Consolidated Motion to Dismiss (D.E. # 48) filed on October

17, 2008. Although Plaintiff responded to Defendant's original motion to dismiss before

Defendant renewed it on June 9, Plaintiff has to date failed to respond to Defendant's

Consolidated Motion.[1] In fact, Plaintiff has not filed anything in this matter with the Court since

December 18, 2007. On November 26, 2008 (D.E. # 49), the Court directed Plaintiff to show

cause as to why Defendant's Motions to Dismiss should not be granted and warned that her

failure to respond would constitute good grounds for dismissal. Plaintiff failed to respond at all

to the Court's Order. Therefore, Defendant's Motions to Dismiss are **GRANTED**.

---

[1] This Court, United States District Judge J. Daniel Breen, presiding, denied Defendant's original motion to dismiss (D.E. # 12) without prejudice by order dated September 27, 2006, pending mediation. The parties' having failed to resolve their issues in mediation, Defendant renewed its motion at D.E. # 47.

## BACKGROUND

Plaintiff alleges that Defendant acting in concert with others conspired to violate her civil right to access to the courts in violation of federal law. Plaintiff's Complaint also makes allegations under Tennessee law of a civil conspiracy against her, the perpetration of a fraud on the court, and a conflict of interest. These claims arise from Plaintiff's employment with CNL Rose Acquisition Company ("Rose") at its offices in Memphis, Tennessee. According to Plaintiff, Rose's offices were infested with mold which was the proximate cause of serious health problems and other compensable injuries for her. Although it is unclear from Plaintiff's Complaint, it appears to the Court from the record in this matter, that Plaintiff filed several law suits including a workers compensation claim against Rose and a premises liability suit against Boyle Investments ("Boyle"), the owner of the office building containing the mold. Defendant provided insurance coverage to both entities and has assumed responsibility for the defense of Rose and Boyle, respectively, in the separate state lawsuits.

It was during these separate lawsuits that Plaintiff sought the production of an environmental report prepared by Hess Environmental documenting the mold condition in Rose's offices. Plaintiff alleges that Rose had the report prepared for the purpose of using the report as a bargaining tool in its negotiations with Boyle to escape from its lease to occupy the mold-infested office space. Plaintiff asserts that Rose and Boyle agreed on terms to end Rose's lease of the Boyle office space before the lease expired in exchange for other consideration including Rose's agreement that the Hess report remain confidential. Plaintiff avers that Rose commissioned the Hess report prior to her filing her claims in state court. During the course of Plaintiff's state lawsuits against Rose and Boyle, Plaintiff subpoenaed the Hess report and filed a

motion to compel its production in each action. However, the state court denied the motions to compel.

According to Plaintiff, Travelers, Rose and Boyle acted in concert to deny Plaintiff access to the Hess report in violation of her constitutional right to access to the courts as set forth in 42 U.S.C. § 1985(2) and (3). More specifically, Plaintiff alleges that counsel for Rose and Boyle, which were provided by Travelers as the insurer for Rose and Boyle, misrepresented the circumstances under which the Hess report was produced in order to argue that the Hess report was privileged. The state court accepted their version of the facts in reaching its decision to deny Plaintiff's motions to compel in the state actions. Thus, Plaintiff argues that their actions amount to a fraud upon the state court which is actionable under section 1985. Only Travelers has been named as a Defendant in the case at bar.

Plaintiff's Complaint also alleges the following causes of action against Travelers under state law. First, Plaintiff alleges that Travelers "and other non-party coconspirators injured McNeill's person and property by fraud... by pooling the conflicting interests of CNL [Rose], Boyle and Travelers for the purpose of taking from McNeill rights, entitlements and property of McNeill." Second, Plaintiff contends that she has a separate cause of action under Tennessee law for fraud on the court. Third, Plaintiff accuses Travelers of participating in a civil conspiracy, which has injured Plaintiff.

Defendant's Renewed Motion attacks the sufficiency of Plaintiff's section 1985 claims. Defendant argues that section 1985 claims are limited to conspiracies motivated by "racial or otherwise class based animus. In other words, such a conspiracy "does not apply to all alleged tortious or conspiratorial interferences with the rights of others." Defendant further argues that

3

the pendent state claims for conflict of interest, fraud on the state court, and civil conspiracy are

so interwoven with Plaintiff's flawed section 1985 claims that they too must be dismissed.

Although Plaintiff did not respond to Defendant's Renewed Motion, Plaintiff did respond

prior to the Court's Order denying the original motion without prejudice to renew. Therefore,

the Court will consider the arguments raised in that response brief. First, Plaintiff argues that the

Court should exercise diversity jurisdiction over her pendent state law claims even if the Court

dismissed her section 1985 claim. Plaintiff also argues that Rose withheld the Hess report in

violation of OSHA requirements and that this act presents a question of federal law. As for her

section 1985 claim, Plaintiff argues that she need not establish racial or class-based animus in

order to state a claim under 42 U.S.C. § 1985(2). Plaintiff analogizes between defrauding a state

court to deprive a plaintiff of "potentially case-dispositive documentary evidence" and witness

intimidation. Moreover, Plaintiff need not demonstrate a physical obstacle to access to the

courts in order to recover under section 1985. Plaintiff contends that due to the complete

diversity of the parties, Defendant could have removed her workers compensation claim from

state court and the alleged fraud would have been perpetrated on this Court giving rise to a

viable section 1985 claim against Defendant and Rose.

Subsequent to renewing its motion to dismiss at D.E. # 47, Defendant filed a

"Consolidated Supplemental Memorandum" in support of its Renewed Motion. Here Defendant

further attacks Plaintiff's state law claim for conflict of interest. According to Defendant,

Plaintiff cannot establish standing to assert that a conflict of interest exists as to Defendant.

Essentially, Plaintiff argues that Defendant cannot ethically provide a defense both for Rose and

Boyle in the separate suits filed by Plaintiff in state court. Therefore, even if Defendant may

have some liability to Rose or Boyle, Defendant contends that Plaintiff cannot state such a claim

against Defendant because Plaintiff has failed to show that she was a third-party beneficiary.

Defendant goes on to argue the unavailability of relief pursuant to section 1985. Finally,

Defendant contends that Tennessee law does not permit recovery for mental anguish or anxiety.

Taken together with Plaintiff's Renewed Motion, Defendant argues that all of Plaintiff's claims

should be dismissed for failure to state a claim.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief

can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule

12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the complaint as true

and construe all of the allegations in the light most favorable to the non-moving party.[2]

However, legal conclusions or unwarranted factual inferences need not be accepted as true.[3] "To

avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential

allegations with respect to all material elements of the claim."[4] "The Federal Rules of Civil

Procedure do not require a claimant to set out in detail all the facts upon which he bases his

claim."[5]

The Supreme Court has more recently stated that the Federal Rules "do not require a

heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on

---

[2] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[3] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[4] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 889, 902 (6th Cir. 2003).

[5] *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

its face."[6]  The Sixth Circuit has subsequently acknowledged "[s]ignificant uncertainty" as to the

intended scope of *Twombly*.[7]  Consequently, the Sixth Circuit has articulated the following as the

standard of review for 12(b)(6) motions: on a motion to dismiss, the Court must construe the

complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and

determine whether the complaint contains "enough facts to state a claim to relief that is plausible

on its face."[8]  Thus, although the factual allegations in a complaint need not be detailed, they

"must do more than create speculation or suspicion of a legally cognizable cause of action; they

must show entitlement to relief."[9]


### ANALYSIS

Construing the complaint in the light most favorable to the plaintiff, the Court finds that

Plaintiff has failed to state any of her claims.  Therefore, Plaintiff's Complaint must be dismissed

and Defendant's Motion granted.

#### I. Section 1985 Claim

Defendant contends that Plaintiff has failed to state a claim pursuant to 42 U.S.C. §

---

[6] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) ("retiring" the "no set of facts" standard first announced in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

[7] *Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 541 (6th Cir.2007); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 337 (6th Cir.2007) ("We have noted some uncertainty concerning the scope of *Bell Atlantic Corp. v. Twombly,* ... in which the Supreme Court 'retired' the 'no set of facts' formulation of the Rule 12(b)(6) standard ....").

[8] *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.,* 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Twombly,* 127 S.Ct. at 1974 (2007)).

[9] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original) (citing *Twombly,* 127 S.Ct. at 1964-65).

1985(2) and (3).  As an initial matter, the "fraud on the court" alleged here occurred in the state

court proceedings where Plaintiff contends that Defendant and others conspired to deprive

Plaintiff of the Hess report.  Among Section 1985's provisions, only two apply to acts to deprive

another of his civil rights in state court proceedings: paragraph (2) and (3).  Section 1985(2)

contains two separate provisions creating a cause of action for obstruction of justice and witness

intimidation.[10]  The first provision creates a civil cause of action for conspiracy to interfere with

the administration of justice in federal court.[11]  The second provision, which applies in the case

at bar, creates a cause of action for similar conspiracies to interfere with the administration of

justice in state courts.[12]  The second provision includes additional language, which is not found

in the first provision of paragraph (2), that such conspiracies directed at the administration of

justice in state court must be undertaken "with intent to deny to any citizen the equal protection

of the laws."[13]  The United States Supreme Court has interpreted the second provision of Section

1985(2) to require an allegation of some racial animus behind the conspiracy.[14]  Even construing

---

[10] The Court observes that Section 1985 dates to the Civil Rights Act of 1871 and is
sometimes referred to as the Ku Klux Klan Act.  The Supreme Court's interpretation of Section
1985 is steeped in the legislative history of the act, particularly Congress' purposes in combating
the racially-motivated activities of the KKK in the Reconstruction Era.  *See United Broth. of
Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825 (1983) (J.
Blackmun dissenting); *Kush v. Rutledge*, 460 U.S. 719 (1983); *Briscoe v. LaHue*, 460 U.S. 325
(1983); *General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375 (1982); *Griffin v.
Breckenridge*, 403 U.S. 88, 102 (1971).

[11] *Kush*, 460 U.S. at 724.

[12] *Id*. at 725.

[13] 42 U.S.C.A. § 1985(2).

[14] *Kush*, 460 U.S. at 726.  *See also Bennett v. Batchik*, 936 F.2d 572 (6th Cir. 1991), 20
Fed. Appx. 278 (6th Cir. 2001).

the Complaint in the light most favorable to Plaintiff, it is clear that the Complaint makes no reference to any racially-motivated animus behind the alleged conspiracy against Plaintiff. Therefore, the Court holds that as a matter of law, Plaintiff has failed to state a claim under Section 1985(2).

Turning to Section 1985(3), the Court finds that Plaintiff's Complaint suffers from the same fatal flaw. That paragraph of Section 1985 creates a civil cause of action for conspiracy entered into "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."[15] Like the "equal protection" phrase found in Section 1985(2), the United States Supreme Court has interpreted the "equal protection of the laws" phrase found in paragraph (3) to require "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."[16] Therefore, in order to state a claim under paragraph (3) of this section, a plaintiff must include some allegation of racial or "class-based" racial animus.[17] Once again such an allegation is wholly absent from Plaintiff's Complaint. As a matter of law, the Court finds that Plaintiff has failed to state a claim pursuant to 42 U.S.C.A. § 1985(3).

Therefore, because Plaintiff has failed to state a claim pursuant to either paragraph (2) or (3) of Section 1985, the Court concludes that Defendant's Motion to Dismiss should be granted as to that count.

## II. Pendent State Claims

---

[15] 42 U.S.C.A. § 1985(3).

[16] *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

[17] *Newell v. Brown*, 981 F.2d 880, 886 (6th Cir. 1992).

The Court must now consider whether its exercise of jurisdiction over Plaintiff's pendent state law claims is proper. Plaintiff contends that this Court has diversity jurisdiction pursuant to 28 U.S.C.A. § 1332 over the remaining claims. Defendant argues that Plaintiff's state law claims are so interwoven with her Section 1985 claim, that should the Section 1985 claim fail, then the remaining state law claims must also be dismissed. The parties agree that the remaining claims are governed by Tennessee law. However, before the Court can consider the merits of these claims, the Court must first determine whether it may properly exercise its jurisdiction over them.

Although the Court has dismissed Plaintiff's federal claim against Defendant, it appears that Plaintiff's state law claims have satisfied the requirements of complete diversity and amount in controversy. However, the Court finds that it lacks subject-matter jurisdiction in this case due to the failure to join an indispensable party under Federal Rule of Civil Procedure 19. Rule 19 sets forth the requirements to determine whether an absent party must be joined. The Court must first decide whether the party is necessary and should be joined under Rule 19(a).[18] Rule 19(a)(1) requires joinder if either

> in that person's absence, the court cannot accord complete relief among existing parties; or that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[19]

---

[18] *American Express Travel Related Services, Co. v. Bank One-Dearborn, N.A.*, 195 Fed. Appx. 458, 460 (6th Cir. 2006).

[19] Fed. R. Civ. P. 19(a).

If the Court finds that the person is a necessary party, the Court must next decide if joinder is feasible or if a lack of subject matter jurisdiction makes joinder impossible.[20] Finally, if joinder is impossible, the Court "must weigh the equities of the situation pursuant to Rule 19(b) and determine if the suit can continue in the party's absence or if the case should be dismissed because the party is indispensable."[21] These equities are set forth in Rule 19(b)

> **(1)** the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> **(2)** the extent to which any prejudice could be lessened or avoided by:
>> **(A)** protective provisions in the judgment;
>> **(B)** shaping the relief; or
>> **(C)** other measures;
> **(3)** whether a judgment rendered in the person's absence would be adequate; and
> **(4)** whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.[22]

In light of these considerations, the Court finds that in the absence of other indispensable parties, Plaintiff's state law claims should be dismissed. Plaintiff has alleged the following causes of action under Tennessee law: civil conspiracy, fraud on the court, and conflict of interest. Underlying all of these claims is the alleged conspiracy between Rose, Boyle, and Defendant Travelers as well as Rose's attorneys and the attorneys hired by Travelers to represent Rose and Boyle in the state court cases ("attorneys"). Rose was at one time a party to this suit but was dismissed by stipulation on March 6, 2006. Boyle has never been a party to this action even though Plaintiff's Complaint refers extensively to Boyle and its actions. In fact, the

---

[20] *American Express*, 195 Fed. Appx. at 460.

[21] *Id*.

[22] Fed. R. Civ. P. 19(b).

Complaint dubs Boyle and the attorneys "non-party conspirators."[23]  Although it is never stated

in the Complaint, it appears that none of these "non-party conspirators" were named as

defendants because the presence of one or more of them might destroy the complete diversity of

the parties.  Therefore, the Court must consider whether Boyle and the attorneys are in fact

indispensable parties.

First, the Court concludes that Boyle and the attorneys are necessary parties because they

have an "interest relating to the subject of the action" and their interests might be impaired if

they are not parties to this suit.  Plaintiff has alleged that Boyle and the attorneys engaged in an

ongoing civil conspiracy to deprive her of her constitutional right to access to the court, namely,

to dispositive evidence that might make Plaintiff's case for her.  In furtherance of this

conspiracy, Plaintiff contends that Boyle and the attorneys acting in concert with others

perpetrated a fraud on the Circuit Court of Tennessee for the Thirteenth Judicial District at

Memphis.  Due to the serious nature of these allegations, Boyle and the attorneys have an

interest in the claims before this Court.  Their absence would obviously impair those interests.

Therefore, Boyle and the attorneys are indispensable parties to the case at bar.

Second, the joinder of Boyle and/or the attorneys would defeat complete diversity and

this Court's subject matter jurisdiction over the state claims.  Therefore, joinder is impossible

under the circumstances.  The Complaint states that Boyle has its principal place of business in

Shelby County, Tennessee.  Consequently, Boyle like Plaintiff is a resident of Tennessee, and

Boyle's joinder would destroy complete diversity.  As for the unnamed attorneys, the parties

have not indicated who they are let alone where they reside.  However, the Court would lack

---

[23] Compl. ¶¶ 28-30.

subject matter jurisdiction with Boyle's joinder alone.  As a result joinder of Boyle, an indispensable party, is impossible.

Finally, the Court must consider the equities of the situation under Rule 19(b) to determine whether the case should continue or if the case should be dismissed.  First, Boyle would be prejudiced by a judgment finding that Travelers was liable to Plaintiff for conspiratorial acts and fraud Travelers committed in concert with Boyle and others.  Second, such prejudice could not be lessened or avoided under the circumstances.  Even though Boyle is a "non-party conspirator," Boyle would provide essential evidence and testimony needed to prove the alleged conspiracy and other acts.  Therefore, a judgment in favor of Plaintiff would obviously have *res judicata* effect in any subsequent action taken against Boyle.  Third, it is not clear to the Court how a judgment in Plaintiff's favor would be adequate without Boyle's presence in this suit due to the allegations of concerted action, i.e. conspiracy and fraud on the court, involved in this matter.  The last of the equities found in Rule 19(b) also weighs in favor of dismissal.  Plaintiff has maintained a series of cases against these parties in other proceedings, and so there is no reason to believe that Plaintiff's claims could not have been resolved in state court.

Taken together, the Court finds that it lacks subject-matter jurisdiction due to the failure to join an indispensable party under Rule 19.  Therefore, Plaintiff's pendent state law claims are dismissed.

## CONCLUSION

Plaintiff has failed to state a claim pursuant to Section 1985(2) or (3).  Furthermore, Plaintiff has failed to join an indispensable party under Rule 19, depriving the Court of subject

matter jurisdiction over her state law claims. Most importantly, Plaintiff has failed to respond to

Defendant's Consolidated Motion and the Court's Show Cause Order. Therefore, the Motions to

Dismiss are **GRANTED**.

        **IT IS SO ORDERED.**

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE

                                        Date:    December 16th, 2008.